## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FITZGERALD HORTON        :     CIVIL ACTION
                            :
     v.                  :
                            :     **FILED** DEC 1 0 2014
GEORGE W. HILL CORRECTIONAL   :     NO. 14-6947
FACILITY, et al.                :

### MEMORANDUM

LUDWIG, J.                                      DECEMBER 9 , 2014

      Plaintiff Fitzgerald Horton brings this action based on his allegation that officials at the George W. Hill Correctional Facility lost or destroyed his property. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

      Plaintiff was incarcerated at the George W. Hill Correctional Facility in February of 2012. In May of 2012, he left the facility on a writ. Plaintiff was told that he could not bring his personal property with him, but that it would remain at the facility. He was not given a receipt for his property. When plaintiff returned to the George W. Hill Correctional Facility on August 7, 2014, he requested his property but it was not returned to him. Plaintiff filed several grievances about his lost property and sought $350 for the value of the property. His request for reimbursement was denied. Accordingly, he filed this lawsuit against the George W. Hill Correctional Facility and four prison officials, apparently pursuant to 42 U.S.C. § 1983, seeking $350 for the value of his property.

      Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to

ENTERED
DEC 11 2014
CLERK OF COURT

state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *See Daniels v. Wiliams*, 474 U.S. 327, 328 (1986). Accordingly, plaintiff cannot sustain a constitutional claim based on allegations that prison officials acted negligently in handling or losing his property.  To the extent prison officials intentionally deprived plaintiff of his property, there is no basis for a due process claim because the prison grievance system and Pennsylvania law provide plaintiff with adequate state remedies.[1] *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy.").

For the foregoing reasons, the Court will dismiss plaintiff's complaint.  Plaintiff will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.

---

[1] There is no independent basis for the Court's jurisdiction over a state law claim, as it does not appear that the parties are diverse for purposes of 28 U.S.C. § 1332.  If plaintiff seeks to pursue a claim under state law, he may do so in state court.

2